U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 30 2003

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LASANDRA MADDEN AND LEVELL MADDEN, Individually, and on Behalf of LABREA WILLIAMS, a minor child, § § § § § | |
| Plaintiffs, § | CIVIL ACTION No. 3:03-CV-0167-R |
| v. § | |
| WYETH, d/b/a WYETH, INC., f/k/a AMERICAN HOME PRODUCTS CORPORATION; WYETH CONSUMER HEALTHCARE, AN UNINCORPORATED DIVISION OF WYETH, f/k/a WHITEHALL-ROBINS HEALTHCARE; & WHITEHALL LABORATORIES, INC. § § § § § § § § | |
| Defendants. § § | |

## JOINT STATUS REPORT

**1. Nature of the case and contentions of the parties.** This is a pharmaceutical products liability case, involving allegations of defective design, negligent/defective marketing, breach of express and implied warranties, negligence, and deceptive trade violations. Plaintiffs allege that their 7 year old daughter, Labrea Williams, who had no previous known drug allergies, took an over-the-counter drug manufactured by defendants, Children's Advil (ibuprofen), and as a result suffered a severe skin and systemic reaction called Stevens Johnson syndrome (SJS) and toxic epidermal necrolysis (TEN), resulting in the exfoliation and sloughing of skin over a large part of her body (comparable to second degree burns) and from her mucous membranes, including her mouth, respiratory system, vagina, and anus, and suffering permanent injuries as a result thereof, including

permanent respiratory problems, vision problems, emotional problems, impairment of the ability to reproduce because of vaginal adhesions, and other problems too numerous to mention.

Plaintiffs contend that defendants failed to warn about SJS at all on the product box or bottle, , even though they knew that it was established in the literature as well as in clinical trials and post-marketing studies of the drug, both before and after it became an over-the-counter (OTC) drug, that ibuprofen could cause SJS/TEN. Additionally and alternatively, plaintiffs contend that defendants further failed to warn that if the symptoms of SJS developed, e.g. a rash, lesions of the mouth or other mucous membranes, or fever of unexplained origin, that the drug should be stopped immediately and the doctor contacted.

Defendants deny that (a) their product is defective in any respect, and (b) deny that they failed to provide adequate warnings for their product. Defendants may state their defenses to Plaintiffs' claims in more sufficient detail after review of Plaintiff's medical records, depositions of treating physician, and further investigation and discovery.

**b. Pending or contemplated motions.** Plaintiffs will be filing a motion to compel regarding discovery in this case, and may also file a partial motion for summary judgment on the preemption issue. Defendants may be filing a motion to join additional necessary parties after initial discovery. Defendants will file a motion for summary judgment.

**c. Prospects for settlement and whether or not mediation is desired.** No settlement discussions have occurred at this time. After discovery, the parties believe that mediation may be useful, and therefore have agreed to mediate this case. If they can't agree on a mediator, they will ask the court to appoint one.

**d. Whether the attorneys in this case understand their responsibilities under and will**

**conduct this litigation under the standards of** *Dondi:* Both counsel under the holding of *Dondi*, and will agree to comply with it.

**e. Whether the parties will agree to the trial of this case before Magistrate Kaplan:** Defendants consent to a trial before Magistrate Kaplan, but plaintiffs do not, at least at this time.

**f. Requested modifications of the scheduling order:** The parties have already requested and received the court's approval for a change in the trial date, and corresponding changes in the Scheduling Order. However, the parties further request that they be required to provide full expert disclosure as required by Fed.R.Civ.P. 26(a)(2)(B) on or before Dec. 1, 2003 for plaintiffs, and Feb. 1, 2004, for defendants, rather than the dates provided in the Scheduling Order, in order to give the parties full discovery of expert opinions before oral depositions of experts are taken in this case.

Dated this 30 day of May, 2003.

Respectfully submitted,

**LAW OFFICES OF JAMES C. BARBER**
4310 Gaston Avenue
Dallas, Texas 75246
Phone:   (214) 821-8840
Fax:        (214) 821-3834

By: _____
**JAMES C. BARBER**
State Bar No. 01706000
**JASON MARINA**
State Bar No. 24011738

**ATTORNEYS FOR PLAINTIFFS**

**VINSON & ELKINS, L.L.P.**
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Phone: 214-220-7700
Fax:    214-220-7716

By: _/s/ William D. Sims (by JCB, with permission)_
**WILLIAM D. SIMS, JR.**
State Bar No. 18429500
**JEFFERY J. HOBBS**
State Bar No. 24012837

## CERTIFICATE OF SERVICE

I, JAMES C. BARBER, counsel for plaintiffs, certify that I have provided a copy of the foregoing instrument to all counsel of record, via fax and certified mail.

_/s/ James C. Barber_
JAMES C. BARBER