ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 1 5 2004
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LASANDRA MADDEN AND LEVELL MADDEN, Individually, and on Behalf of LABREA WILLIAMS, a minor child, | |
| Plaintiffs, | CIVIL ACTION No. 3:03-CV-0167-R |
| v. | |
| WYETH, d/b/a WYETH, INC., f/k/a AMERICAN HOME PRODUCTS CORPORATION; WYETH CONSUMER HEALTHCARE, AN UNINCORPORATED DIVISION OF WYETH, f/k/a WHITEHALL-ROBINS HEALTHCARE; &WHITEHALL LABORATORIES, INC. | |
| Defendants | |

**PRETRIAL DISCOVERY ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR CLARIFICATION OF MAGISTRATE JUDGE KAPLAN'S DEC. 8, 2003, ORDER**

On this the 9th day of January, 2004, came on to be heard and considered the Defendant Wyeth's Motion for Clarification of Dec. 8, 2003 Order Signed by Magistrate Judge Kaplan, Motion for Stay of Dec. 8, 2003, Order, and Motion for Extension of Time, and this Court, Magistrate Judge Kaplan presiding, having reviewed the pleadings, heard testimony, and heard argument of counsel, is of the opinion that the following order should be entered. It is therefore hereby ORDERED:

The Motion to Clarify is granted in part and denied in part. The motion is granted to this extent: The defendants shall produce in electronic form at their cost the $S^3$ (S cubed) database

covering the scope of discovery as previously ordered by the Court in its Dec. 8, 2003, order, with only information covered by the Code of Federal Regulations redacted, i.e., patient identifying information and reporter identifying information. Additionally, they shall produce at their cost electronic data from the CAMP 1 and CAMP 2 databases covering the same scope and in the same manner. (Tr. of Hrg. , 57).

Additionally, they shall produce the hard copies of documents from the Documentum database. In other words, the defendants shall produce hard copies of all underlying medical records and reports, and other underlying documentation of adverse drug experience reports covered within the scope of the Dec. 8 order, with patient identifying information and reporter identifying information redacted, to the extent that such information appears in those documents. (Id.). Plaintiffs shall bear the cost of copying these documents at the cost of $0.10 per page.

Additionally, defendants will provide an audit trail of any patient or reporter identification information redacted, sufficient to show what was redacted, by whom, and why. (Tr. 54). As to the defendant's objections that certain information on these files is attorney work product or attorney client information, those objections are denied as being untimely. (Id.).

As to plaintiffs' request for the WATSIN data base to be produced in electronic format within the scope of the Dec. 8, 2003, order as well, that request is denied at this time, based on the representations of defendant's representative Boccuti and its counsel that all the underlying adverse drug event information is contained in the $S^3$ data base. (Tr. 61).

The electronic data ordered to be produced may be provided to Plaintiffs in the form of a CD-ROM. If the CD-ROM contains fragmented or unreadable data, Defendants will produce the data to Plaintiffs directly via the internet.

All data and documents produced by defendant Wyeth in response to this order shall be produced within thirty (30) days from the date of this order, that is, no later than February 16, 2004.

Signed ~~and entered~~ this 15th day of January, 2004.

_____
U.S. MAGISTRATE JUDGE JEFF KAPLAN

APPROVED AS TO FORM:

_____
JAMES C. BARBER, Attorney for Plaintiffs

_____
JOSEPH D. COHEN, Attorney for Defendants