IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LaSANDRA MADDEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-03-CV-0167-BD |
| WYETH d/b/a WYETH, INC. f/k/a | § | |
| AMERICAN HOME PRODUCTS | § | |
| CORPORATION, ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

As part of an omnibus discovery motion filed on October 24, 2005, plaintiff seeks an order compelling Defendant Wyeth d/b/a Wyeth, Inc. and its affiliates to produce certain documents related to Children's Advil products sold in Europe, including labeling information, Product Information Leaflets, and Summaries of Medical Product Characteristics. Plaintiff also seeks prior versions and drafts of a report prepared by Dr. Daniel Julien, which are located in France.[1] Defendant objects to these discovery requests on multiple grounds, including that "French documents not within the possession of [Wyeth], but solely within the possession of Wyeth's French affiliates cannot be produced in connection with United States litigation pursuant to French law." (*See* Plf. App. at 719-30). At a hearing held on January 6, 2006, the court took this objection under advisement and overruled all other objections to the production of the French documents.

The French "blocking statute," French Penal Code Law No. 80-538, is intended to protect French businesses from excessive discovery in hostile foreign litigation. *See F.T.C. v. Compagnie*

---

[1] The specific discovery requests at issue are Plaintiff's Seventh Request for Production of Documents Nos. 3-5, 9, 14, 15, 18-25, 29-31, 35 & 39.

*De Saint-Gobain-Pont-A-Moussan*, 636 F.2d 1300, 1325-26 (D.C. Cir. 1980). The statute provides, in pertinent part:

> Subject to treaties or international agreements and applicable laws and regulations, it is prohibited for any party to request, seek or disclose, in writing, orally or otherwise, economic, commercial, industrial, financial or technical documents or information leading to the constitution of evidence with a view to foreign judicial or administrative proceedings or in connection therewith.

French Pen. Code L. No. 80-538, art. 1A. Although not specifically stated by defendant, the gravamen of its argument is that any discovery involving documents located in France must be conducted under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, *codified at* 28 U.S.C. § 1781 ("Hague Convention"). In *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987), the Supreme Court made clear that the Hague Convention does not preempt the federal rules of civil procedure with respect to foreign discovery. *Id.*, 107 S.Ct. at 2553. Nor does international comity require resort to the Hague Convention in every instance. *Id.* at 2556. Rather, federal courts should: (1) carefully scrutinize the facts of each case, particularly with regard to the nature of the discovery requested; (2) consider the sovereign interests at issue; and (3) ascertain whether the Hague Convention procedures will prove effective. *Id.* As the Court explained:

> Some discovery procedures are much more intrusive than others . . . Even if a court might be persuaded that a particular document request was too burdensome or too intrusive to be granted in full, with or without an appropriate protective order, it might well refuse to insist upon the use of Convention procedures before requiring responses to simple interrogatories or requests for admissions. The exact line between reasonableness and unreasonableness in each case must be drawn by the trial court, based on its knowledge of the case and of the claims and interests of the parties and the governments whose statutes and policies they invoke.

> American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. Judicial supervision of discovery should always seek to minimize costs and inconvenience and to prevent improper uses of discovery requests. When it is necessary to seek evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses . . . Objections to abusive discovery that foreign litigants advance should therefore receive the most careful consideration. In addition, we have long recognized the demands of comity in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation. American courts should therefore take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state. We do not articulate specific rules to guide this delicate task of adjudication.

*Id.* at 2556-57 (internal citations and quotations omitted). Lower courts have applied the *Societe Nationale* three-prong test in determining whether foreign discovery should be conducted under the Hague Convention or the federal rules. *See, e.g. Bodner v. Paribas*, 202 F.R.D. 370, 374-75 (E.D.N.Y. 2000); *Valois of America, Inc. v. Risdon Corp.*, 183 F.R.D. 344, 346-47 (D. Conn. 1997); *Rich v. KIS California, Inc.*, 121 F.R.D. 254, 257 (M.D.N.C. 1988).[2]

A party seeking application of the Hague Convention bears the burden of persuading the trial court. *Valois of America*, 183 F.R.D. at 346; *Rich*, 121 F.R.D. at 257-58 & n.3. Here, defendant wholly fails to address any of the three factors articulated in *Societe Nationale*, much less prove that discovery should be conducted under the Hague Convention. The court previously determined that the addition of an SJS warning on Wyeth ibuprofen products marketed in France is relevant "to whether defendant intentionally diluted the warnings on the same products sold in the United States." *Madden v. Wyeth*, No. 3-03-CV-0167-BD, 2005 WL 2278081 at *3 (N.D. Tex. Sept. 14,

---

[2] Contrary to the argument made by plaintiff in her reply, neither the French "blocking statute" nor the Hague Convention draw any distinction between evidence obtained from third parties, such as the Wyeth French affiliates, and that obtained from the litigants themselves. *See Societe Nationale*, 107 S.Ct. at 2554.

2005). Defendant has failed to adduce any evidence to support its claim that discovery requests seeking foreign labeling documents and related information are unduly burdensome, oppressive, or harassing. Nor has defendant explained why the sovereign interests of France or the Hague Convention procedures should take precedence over the federal rules. With respect to these factors, this court agrees with the well-reasoned decisions of other federal courts refusing to give substantial deference to France's preference for the Hague Convention, as expressed in its "blocking statute," and recognizing that discovery procedures under the Convention are far more cumbersome than under the federal rules. *See Valois of America*, 183 F.R.D. at 349; *Rich*, 121 F.R.D. at 258.

For these reasons, defendant's objections based on the French "blocking statute" are overruled. Defendant shall produce all foreign documents in their possession, custody or control, or in the possession, custody or control of its French affiliates, within 30 days from the date of this order.

SO ORDERED.

DATED: January 12, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE