

**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JAN 12 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| LaSANDRA MADDEN, Individually and on Behalf of LABREA WILLIAMS, a minor child, <br><br> Plaintiffs, <br><br> vs. <br><br> WYETH d/b/a WYETH, INC., f/k/a AMERICAN HOME PRODUCTS CORPORATION; WYETH CONSUMER HEALTHCARE, an unincorporated Division of WYETH, f/k/a WHITEHALL-ROBINS HEALTHCARE; AND WHITEHALL LABORATORIES, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 3:03CV 0167BD (R) |

## ORDER PARTIALLY GRANTING AND PARTIALLY DENYING PLAINTIFF'S OMNIBUS MOTION FOR SANCTIONS AND TO COMPEL

On the 6th day of January, 2006, Plaintiff's Omnibus Motion for Sanctions and to Compel came on to be heard and this Court, United States Magistrate Judge Kaplan presiding, having considered the Motion, Defendants' Response to Plaintiffs' Omnibus Motion for Sanctions and to Compel and supporting brief, Plaintiff's reply to same, both parties' supporting evidence, and the parties' arguments is of the opinion that the Motion should be granted in part and denied in part and HEREBY ORDERS:

### A. MOTION FOR SANCTIONS

#### 1. Defendants' Privileged Documents

Defendants' privilege assertions were not waived and were not overruled by this Court's prior discovery orders. Defendants properly and timely asserted their privileges.

Defendants' assertions of the attorney client privilege and the work product exemption regarding the "*Madden* correspondence" or lawsuit communications either generated from or sent to outside counsel, or communications that were generated internally in response to requests from outside counsel are sustained. Those documents are protected from discovery and shall not be produced.

Defendants' assertions of attorney client privilege regarding the documents relating to the Defendants' Post-Marketed Safety Review Committee are not established by the declarations of Margaret Carr submitted in support of those privileges. The Court will review *in camera* any of those documents that Defendants believe are privileged on their face and submitted to the Court by January 13, 2006. The Court will sanction Defendants by awarding attorneys' fees to the plaintiff occasioned by the in-camera review of documents which are not found by the Court to be privileged on their face. Any of the Post-Marketed Safety Review Committee documents which are not submitted for this *in camera* review by the Court shall be produced by Defendants to Plaintiff on or before Jan. 13, 2006.

## 2. **Defendants' Adverse Event Database**

Plaintiff will be allowed supervised access by an expert of her choice to the database known as "S Cubed" or "$S^3$," which the Court finds is the only relevant database. Plaintiff's attorneys (or their representatives from their offices) and her expert's supervised access will be limited to two days of seven hours each and will take place in the next thirty days. Plaintiff's expert's supervised access to the $S^3$ database will be limited to information pertaining to adverse drug event information for the drug Children's Advil and for those symptoms within the scope of discovery as set forth in this Court's December 8, 2003 and January 15, 2004 orders. Plaintiff's expert and attorneys can copy to a disk or CD the data that is responsive to all of Plaintiff's

discovery requests regarding adverse drug event information for Children's Advil and within the scope of discovery described by this Court's prior orders, and take that information with them; however, Defendants will have 24 - 48 hours following the conclusion of the supervised access to redact confidential patient and reporter identifying information and provide the information as redacted to Plaintiff.

The Court will entertain a protective order governing Plaintiff's expert's, attorneys', and attorneys' representatives' supervised access to the $S^3$ database if the parties are unable to agree upon a protective order protecting confidential patient and reporter information contained in the $S^3$ database.

### 3. Prior Versions and Source Documents for ADE Reports

On or before January 20, 2006, Defendants will produce to Plaintiff the prior versions of and source documents for the ADE reports within the scope of production. Plaintiff's request for an adverse jury instruction relating to the alleged spoliation of prior versions of ADE reports is denied at this time without prejudice. Provided, however, the court may revisit this issue at a pretrial conference to determine whether or not the plaintiffs will be allowed to inquire into and produce evidence of spoliation to the jury, and depending on what that evidence is, whether or not spoliation instruction will be given to the jury at the conclusion of the case.

### 4. Fee Award

Plaintiff shall recover from Defendants her attorneys' fees and expenses, and the expert witness fees and travel expenses of Keith Altman that Plaintiff reasonably incurred in bringing her Motion regarding Defendants' adverse event database and the production of prior versions of ADE reports and source documents. The parties will confer and agree upon the reasonable fees

and expenses. If no agreement is reached, Plaintiff must petition the Court for her fees and expenses with supporting evidence.

### 5. Foreign Labeling for Children's Advil

On or before February 6, 2006, Defendants shall produce to Plaintiff, the Product Information Leaflets (PILs) for Children's Advil used in foreign countries since 1989 that are within Wyeth's possession, custody, or control, or the possession, custody, or control of its foreign affiliates.

### 6. New Drug Applications for Children's Advil

On or before January 20, 2006 Defendants will supplement their production of the New Drug Applications ("NDAs") for all Children's Advil NDA's produced in this case by producing all responsive documents that are part of the NDAs if they exist (and have not previously produced), or stating in writing that responsive documents do not exist, including all correspondence and Change Being Effected (CBE) draft labeling submitted to the FDA in response to their April and June, 2005, orders.

## B. MOTION TO COMPEL

### 1. Plaintiff's Requests for Production to Defendant

**a. Second Set of Requests for Production Nos. 24 and 26:** Defendants shall provide to Plaintiff the dollar figures of the annual profits made on the gross sales of Children's Advil for the years 1995 to the present. Defendants are not required to produce documents regarding their profits but shall describe the documents that are the source of that information.

**b. Third Set of Requests for Production Nos. 9, 12, 13 & 16 and Fourth Set of Requests for Production Nos. 3, 4 & 6:** Defendants have no obligation to identify by Bates number or otherwise the documents that are responsive to a particular request. Accordingly,

Plaintiff's request that Defendants be ordered to identify the produced documents which are responsive to Third Request for Production Nos. 9, 12, 13 & 16 and Fourth Request for Production Nos. 3, 4 & 6 is denied.

c. **Fourth Set of Requests for Production Nos. 7 and 8**: Defendants' objections to producing the Power Point presentations presented to management and to sales people are sustained. Plaintiff's request to compel those documents is denied.

d. **Fifth Set of Requests for Production Nos. 1-3**: Defendants' assertions of attorney client privilege regarding the documents relating to the Defendants' Labeling Committee are not established by the declaration of Barbara Wolfe submitted in support of those privileges. The Court will review *in camera* any of those documents that Defendants believe are privileged on their face and that are submitted to the Court by January 13, 2006. The Court will sanction Defendants for any documents that are submitted for this *in camera* review which are not privileged on their face. Any of the Labeling Committee documents that are not submitted for this *in camera* review by the Court shall be produced by Defendants to Plaintiff on or before January 13, 2006.

e. **Sixth Set of Requests for Production No. 1**: Defendants' objection to the breadth and scope of this request are sustained, and the scope of discovery is limited by the December 8, 2004, order. Defendants' other objections to this request for production are overruled. Any responsive documents within the scope of production as described by the Court's December 8, 2003 and January 15, 2004 discovery orders are to be produced to plaintiff on or before January 13, 2006.

f. **Seventh Set of Requests for Production Nos. 3-5**: Defendants' relevance objection is overruled. The Court will take under advisement the requests for production of

documents located in France and subject to the French Blocking Statute referenced in Defendants' Response to Plaintiff's Motion. Defendants shall produce to Plaintiff all versions of Dr. Daniel Julien's report already in the United States, with the exception of those versions only located in France and subject to the French Blocking Statute.

    g. **Seventh Set of Requests for Production No. 34**: Defendants shall verify that the responsive ADE reports transmitted via email on January 30, 2004 have been produced. Defendants are not required to identify the responsive ADE reports, but shall produce any that were not previously produced.

  2. **Plaintiff LaBrea Willaims' First Set of Interrogatories to Defendants**

    a. **Interrogatory Nos. 1-10**: Defendants' objections to these contention interrogatories are sustained.

    b. **Interrogatory No. 11**: On or before February 6, 2006, Defendants may supplement their response to this interrogatory to provide a summary of the opinions of the witnesses listed in this interrogatory who may give expert testimony at trial, but are neither specially retained expert witnesses nor employees whose duties regularly involve giving expert testimony. If Defendants do not supplement their response, they will be precluded from eliciting expert testimony (but not factual testimony) from the witnesses listed in Interrogatory No. 11. Defendants need not summarize the opinions of their already identified retained expert witnesses or any fact witnesses, including the individuals listed in Interrogatory No. 11.

    c. **Interrogatory Nos. 12-14**: Defendants' objections to Interrogatories 12, 13, and 14 are sustained.

  3. **Plaintiff's Second Amended Joint First Request for Admissions to Defendant Wyeth**

As to plaintiffs' Motion to deem admitted certain of her requests for admission, the Plaintiff has withdrawn those at this time.

Any further relief requested by Plaintiff in the Motion not granted above is denied.

Signed this 12th day of January, 2006.

HONORABLE JEFF KAPLAN,
UNITED STATES MAGISTRATE JUDGE

AGREED AS TO FORM:

_James C. Barber by Joseph D. Cohen w/permission_
James C. Barber                              Texas Bar No: 045083369
State Bar No. 01706000
**LAW OFFICES OF JAMES C. BARBER**
4310 Gaston Avenue
Dallas, Texas 75246

Charles E. Valles
State Bar No. 00789696
**WATERS & KRAUS**
3219 McKinney Avenue
Dallas, Texas 75204.

**ATTORNEYS FOR PLAINTIFF**

_Joseph D. Cohen_
Joseph D. Cohen
State Bar No. 045083369
Charles S. Baker
State Bar No. 01566200
**PORTER & HEDGES, L.L.P.**
1000 Main Street, 36th Floor
Houston, Texas 77002-6336

William D. Sims, Jr.
State Bar No. 18429500
**VINSON & ELKINS**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975

**ATTORNEYS FOR DEFENDANTS**